UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTERBILL, LTD., and THOMAS WELLS, individually and as an officer or director of InterBill,<br><br>Defendants.<br><br>INTERBILL, LTD., and THOMAS WELLS, individually and as an officer or director of InterBill,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION,<br><br>Third-Party Defendant. | CV-S-06-01644-JCM-PAL<br><br>FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed a motion for summary judgment against defendants InterBill, Ltd. ("InterBill"), and Thomas Wells ("Wells"), pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. This Court, having considered the arguments, pleadings, declarations, exhibits, and memoranda of the parties, and being fully advised in the premises, hereby grants the FTC's Motion for Summary Judgment. The Court makes the following findings and enters the following Order for Permanent Injunction:

## FINDINGS

1. This is an action by the Commission initiated under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Pursuant to this section of the FTC Act, the Commission has the authority to seek the relief contained herein.

2. This Court has jurisdiction of the subject matter of this case and the parties hereto pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue in this district is proper pursuant to 15 U.S.C. §53(b) and 28 U.S.C. § 1391(b) and (c).

4. The activities of defendants are "in or affecting commerce," as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The complaint states a claim upon which relief may be granted against defendants under 15 U.S.C. §§ 45(a) and 53(b).

6. The uncontroverted evidence establishes that defendants' acts and practices in processing debit transactions to consumers' bank accounts, while knowing or consciously avoiding knowing that those debit transactions were unauthorized by consumers, caused substantial injury to consumers which was not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or competition and, therefore, constitute unfair acts or practices in violation of Section 5(a) of the Act, 15 U.S.C. § 45(a).

7. There is no genuine issue as to any material fact concerning the defendants' liability for the illegal practices charged in the complaint.

8. Plaintiff is entitled to judgment as a matter of law pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

9. Plaintiff is entitled to judgment against defendants in the amount of $1,779,700.

10. There is a reasonable likelihood that the defendants would continue to engage in the activities alleged in the complaint unless permanently enjoined from such acts and practices.

11. Entry of this Order is in the public interest.

**ORDER**

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "NACHA" shall mean the National Automated Clearing House Association.

2. “Payment processing” shall mean directly or indirectly providing a merchant with access, through any third-party depository financial institution (TPDFI), to payment mechanisms that allow consumers to purchase the merchant’s goods or services by debiting a consumer’s bank account or charging a consumer’s credit card account. Payment processing may include, among other things, providing a merchant with the means to electronically accept and transmit consumer payments through any TPDFI; monitoring, tracking, and reconciling payments, returns, and charge-backs; providing pre-authorization, post-authorization, and refund services to merchants; and disbursing funds receipts to merchants.

3. “Client” shall mean any person, corporation, originator, or other entity, including any merchant, with whom defendants have contracted or agreed to provide third-party payment processing services.

4. “Consumer” means any person whose bank account or credit card account defendants cause, or attempt to cause, to be debited, charged, or otherwise accessed.

5. “Payment processor” means any person providing any payment processing services in connection with the sale or purchase of goods or services, including but not limited to depository financial institutions, third-party processors, data processing service bureaus, and any others who provide services to verify, correct, or update account or bank routing data or formats.

6. “Person” means any natural person or organization, including but not limited to, any proprietorship, partnership, company, firm, corporation, joint venture, society, association, trust, or government agency or unit, and any other group or combination acting as an entity.

7. “Telemarketing” means any business activity (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) that involves attempts to induce consumers to purchase any investment, item, good, service, partnership interest, trust interest or other beneficial interest, or to enter a contest for a prize, by means of telephone sales presentations, either exclusively or in conjunction with the use of other forms of marketing.

8. “TSR” means the Telemarketing Sales Rule, 16 C.F.R. Part 310.

Case 2:06-cv-01644-JCM-PAL Document 34 Filed 04/17/2008 Page 4 of 13

**PROHIBITED PRACTICES**

**I. UNLAWFUL PROCESSING PROHIBITED**

IT IS THEREFORE ORDERED that defendants, and each of them, and their successors, assigns, officers, agents, servants, employees, attorneys, joint venturers, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A. Taking any action to process any payment, directly or on behalf of any client, against any consumer's credit card or bank account without having previously undertaken a reasonable investigation to determine that the consumer has provided defendants or the defendants' client with authorization for the debit or charge; and

B. Processing or taking any action to process any charge or debit against a consumer's credit card or bank account for any client while knowing or consciously avoiding knowing that the client's business practices, related to an offer for which defendants are providing payment processing services, are or are likely to be deceptive or unfair within the meaning of Section 5 of the FTC Act or the TSR.

**II. REASONABLE INVESTIGATION REQUIRED**

IT IS FURTHER ORDERED that defendants, and each of them, and their successors, assigns, officers, agents, servants, employees, attorneys, joint venturers, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from processing payments on behalf of any client without first engaging in a reasonable investigation of the prospective client and the offer for which the prospective client requests defendants' payment processing services to ensure that the charges to be processed are authorized and that the prospective client is complying with the FTC Act. Such reasonable investigation shall include, but not be limited to:

Case 2:06-cv-01644-JCM-PAL Document 34 Filed 04/17/2008 Page 5 of 13

A. Obtaining from each prospective client a written certification or documents stating the nature of the client's business, describing the nature of the goods or services for which the client seeks payment processing services, and demonstrating that the client's business practices comply with Section 5 of the FTC Act, the TSR, as applicable, and any applicable bankcard association or NACHA rules regarding consumer authorization for charges to credit cards or debits to bank accounts;

B. Obtaining and verifying trade and bank references;

C. Identifying a physical business address for the prospective client; and

D. Obtaining and reviewing all marketing materials, telemarketing scripts, promotional materials, websites, and other advertising used or intended to be used by the prospective client to market its goods or services to consumers.

**III. MONITORING REQUIRED**

IT IS FURTHER ORDERED that defendants, and each of them, and their successors, assigns, officers, agents, servants, employees, attorneys, joint venturers, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A. Failing to monitor each client's transactions to ensure that the client is not engaged in practices that are deceptive, unfair, or abusive within the meaning of Section 5 of the FTC Act or the TSR. Such monitoring shall include regularly reviewing each client's chargebacks or return rates, as well as transaction patterns, values, and volume to ensure that they are consistent with the client's application information and business model;

B. Failing to immediately review any complaint or inquiry from any source alleging that a client has engaged in a deceptive, unfair, or abusive practice, including but not limited to complaints or inquiries from a depository financial institution, bankcard association, payment clearinghouse network, law enforcement agency, or consumers, including reviewing the customer authorization for the transaction as well as any other available information regarding

the transaction. Defendants shall immediately cease providing payment processing services to any client where defendants, through this monitoring or any other source, have reason to believe that the client's business practices are deceptive, unfair, or abusive within the meaning of Section 5 of the FTC Act or the TSR. Provided, however, that defendants may resume processing for any client if they determine, based on clear and convincing evidence, that the client's business practices were not, or are no longer, deceptive, unfair, or abusive within the meaning of Section 5 of the FTC Act or the TSR; and

C. Failing to immediately conduct a reasonable investigation of the cause for any chargeback or return rate that exceeds two and one-half percent (2.5%). In the case of an investigation of any client triggered by a chargeback or return rate in excess of two and one-half percent (2.5%), defendants shall immediately suspend payment processing services, unless, following a reasonable investigation, defendants determine, based on clear and convincing evidence, that the client's business practices were not, or are no longer, deceptive, unfair, or abusive within the meaning of Section 5 of the FTC Act or the TSR. For purposes of this Paragraph, a reasonable investigation may include, but is not limited to:

1. verifying the truth and accuracy of information gathered in compliance with Part II of this Order and, where found to be incomplete or outdated, obtaining complete and current information from the client;

2. comparing the client's account chargebacks or return rates to industry published rates, as set forth from time to time by financial institutions, bank regulators, bankcard associations, or NACHA, and seeking a reasonable explanation for any significant variances;

3. contacting consumers, financial institutions, and law enforcement agencies to gather detailed information regarding complaints about the client;

4. conducting "test" shopping to determine the client's sales practices, where possible;

Case 2:06-cv-01644-JCM-PAL Document 34 Filed 04/17/2008 Page 7 of 13

5. confirming that the client has obtained required customer authorizations for the transactions; and

6. for transactions to which the TSR applies, confirming that the client has obtained the express informed consent to the charge as required by the TSR and has otherwise acted in compliance with all other relevant provisions of the TSR.

## IV. CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A. A judgment for equitable monetary relief in the amount of $1,779,700 is hereby entered, jointly and severally, against defendants InterBill, Ltd., and Thomas Wells. Defendants shall satisfy this judgment within ten (10) days of the date of entry of this Order by the Court, by wire transfer of funds in accord with directions provided by the FTC. All funds paid pursuant to this Paragraph shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and to pay any attendant costs for the administration of any redress fund. If direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendants' practices alleged in the Complaint. Any funds not used for equitable redress shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph. No portion of the payment pursuant to this Paragraph shall be deemed a payment of any fine, penalty, or punitive assessment.

B. In the event of any default in the above payment schedule, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount together with interest, as computed under 28 U.S.C. § 1961, from the date of default until the date of payment, shall immediately become due and payable.

C. The facts as alleged in the Complaint filed in this action shall be taken as true for the purpose of any non-dischargeability action in a bankruptcy proceeding.

Case 2:06-cv-01644-JCM-PAL Document 34 Filed 04/17/2008 Page 8 of 13

**V. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS**

IT IS FURTHER ORDERED that each defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

**VI. DISTRIBUTION OF ORDER BY DEFENDANTS**

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, defendants shall deliver copies of the Order as directed below:

A. Corporate defendant InterBill must deliver a copy of this Order to all of its principals, officers, directors, and managers. Corporate defendant InterBill also must deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of the Order upon the corporate defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities;

B. For any business that individual defendant Wells controls, directly or indirectly, or in which he has a majority ownership interest, defendant Wells must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant Wells must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of the Order upon defendants. For new personnel, delivery shall occur prior to them assuming their responsibilities;

C. For any business where defendant Wells is not a controlling person but otherwise engages in conduct related to the subject matter of this Order, defendant Wells must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct;

D. Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of this Order pursuant to this Section.

Case 2:06-cv-01644-JCM-PAL Document 34 Filed 04/17/2008 Page 9 of 13

**VII. COMPLIANCE REPORTING BY DEFENDANTS**

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. Defendant InterBill shall, for a period of five (5) years from the date of entry of this Order, notify the Commission of:

1. Changes in its principal place of business, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

2. Changes in its name or use of any aliases or fictitious names, within ten (10) days of the date of such change; and

3. Changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the corporation about which InterBill learns less than thirty (30) days prior to the date such action is to take place, InterBill shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. Defendant Wells shall, for a period of five (5) years from the date of entry of this Order, notify the Commission of any changes in his principal place of business, mailing addresses, and telephone numbers, and any changes in his name or use of any aliases or fictitious names, within ten (10) days of the date of such change.

C. One hundred eighty (180) days after the date of entry of this Order, and thereafter within ten (10) days of receipt of written notice from a representative of the Commission, defendants shall each submit a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to, any changes required

Case 2:06-cv-01644-JCM-PAL Document 34 Filed 04/17/2008 Page 10 of 13

to be reported pursuant to subparagraphs A and B, above. In addition, the report shall include information concerning defendants' provision of payment processing services to 1) any person where the chargeback or return rate exceeds two and one-half percent and 2) any person or company where one or more of the principals is not a U.S. resident or where consumers' payments are wired or otherwise deposited into accounts outside of the U.S.

D. For the purposes of this Order, defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue NW
Room NJ2122
Washington, DC 20580
Re: FTC v. InterBill, Ltd.

## VIII. PLAINTIFF'S AUTHORITY TO MONITOR COMPLIANCE

IT IS FURTHER ORDERED that the Commission is authorized to monitor defendants' compliance with this Order by all lawful means including, but not limited to, the following:

A. The Commission is authorized, without further leave of Court, to obtain discovery from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26-37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating defendants' compliance with any provision of this Order;

B. The Commission is authorized to use representatives posing as consumers and suppliers to defendants, defendants' employees, or any other entity managed or controlled in whole or in part by defendants, without the necessity of identification or prior notice; and

C. Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this order. The person interviewed may have counsel present.

*Provided that* nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to investigate whether defendants have violated any provision of this Order or Section 5 of the FTC Act, 15 U.S.C. § 45.

**IX. RECORD KEEPING PROVISIONS**

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, in connection with payment processing, defendants and their successors and assigns, are hereby restrained and enjoined from failing to create and retain for three (3) years the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such payment processing business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Client files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests; and

E. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of documents obtained as part of the requirements of Sections II and III; acknowledgments of receipt of this Order required by Section V, and all reports submitted to the FTC pursuant to Section VII of this Order;

F. Records sufficient to demonstrate that consumers have provided authorization for charges or debits against their accounts prior to the time that defendants processed charges or debits or caused to be processed charges or debits against those consumers' accounts; and

G. All records relating to defendants' provision of payment processing services to 1) any person where the chargeback or return rate exceeds two and one-half percent and 2) any person or company where one or more of the principals is not a U.S. resident or where consumers' payments are wired or otherwise deposited into accounts outside of the U.S. Such records shall include all application forms and related materials; correspondence transmitted electronically, by facsimile, or otherwise; documents demonstrating the total number and gross dollar amount of transactions processed or serviced by defendants, directly or indirectly through another payment processor; documents demonstrating the total number and gross dollar amount of transactions that were returned; and documents disclosing all processing fees and charges, net funds paid to sellers, reserve funds, or other funds withheld from sellers, the financial institution(s) and accounts where the processed funds were deposited, and the financial institutions and account numbers to which any processed funds were transferred.

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

Dated: April 30, 2009

James C. Mahan
United States District Judge

Submitted by:

/s/ Tracy S. Thorleifson
Tracy S. Thorleifson
Mary T. Benfield
Federal Trade Commission
BLAINE T. WELSH
Assistant United States Attorney
Attorneys for Plaintiff
Federal Trade Commission

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Tracy Thorleifson, hereby certify that on this 17th day of April 2008, a true copy of the foregoing Plaintiff FTC's Proposed Final Judgment and Order for Permanent Injunction was filed and served electronically via the CM/ECF to the following:

Lawrence J. Semenza, Esq.
3025 East Post Road
Las Vegas, NV 89120
lsemenza@semenzalawfirm.com,
attorney for defendants and third party plaintiffs InterBill, Ltd., and Thomas Wells

Stewart C. Fitts, Esq.,
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle,
Las Vegas, Nevada 89134
scf@slwlaw.com
attorneys for third party defendant Wells Fargo Bank, N.A.

/s/ Tracy Thorleifson
Tracy Thorleifson