# EXHIBIT 1- DECLARATION OF THEODORE F. MONROE

Theodore F. Monroe (*pro hac vice* forthcoming)
Law Offices of Theodore F. Monroe
800 West 6th Street, Suite 500
Los Angeles, CA 90017
t: 213-233-2272
f: 213-622-1444
monroe@tfmlaw.com

J. Malcolm DeVoy (Nevada Bar No. 11950)
Erica A. Bobak (Nevada Bar No. 13828)
DeVoy Law P.C.
2575 Montessouri Street, Suite 201
Las Vegas, NV 89117
t: 702-706-3051
f: 702-977-9359
ecf@devoylaw.com

*Attorneys for Defendant Thomas Wells and*
*Third Party Priority Payout, Corp.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>INTERBILL, LTD., and THOMAS WELLS, individually and as an officer or director of InterBill,<br><br>          Defendants. | Case No.: 2:06-cv-01644-JCM-PAL<br><br>**DECLARATION OF THEODORE F. MONROE** |

**DECLARATION OF THEODORE F. MONROE**

I, Theodore F. Monroe, Esq., being over 18 years of age, never convicted of a felony, and competent to testify about the matters contained herein if called to do so at trial, declare as follows:

1.  I am an attorney in good standing with the State Bar of California and an Attorney and legal counsel for defendant Thomas Wells and Priority Payout, Corporation, in the above-

DECLARATION OF THEO MONROE IN SUPPORT OF EMERGENCY MOTION - 1

captioned matter. I make this declaration in support of the Emergency Motion for Protective Order to Stay Depositions of Thomas Wells and Priority Payout, and Stay Further Discovery and Proceedings.

2.  I am competent to testify to the matters asserted herein, of which I have personal knowledge, except for those matters stated upon information and belief. As to those matters stated upon information and belief, I believe them to be true.

3.  I submit this declaration pursuant to Local Rule 7-4 to certify the following:

4.  **The nature of the claimed emergency**: On September 24, 25 and 26, counsel for the parties conducted their meet and confer to discuss staying the noticed depositions of Thomas Wells ("Wells") and Priority Payout, corporation ("PPC") long enough to allow the accompanying substantive motion to be heard. The plaintiff, the Federal Trade Commission (the "FTC"), declined to stay the depositions long enough for this motion to be heard on a non-emergency basis. If a protective order staying the depositions is not granted to allow the substantive motion to be heard prior to the scheduled deposition dates of October 11 and 12, then the motion will be moot as Wells and PPC will be required to appear at their depositions and decline to provide testimony to the FTC in order to preserve their Fifth Amendment rights—thus prejudicing their ability to defend against the FTC's proceedings in the instant action.

5.  The following are the grounds for both the emergency motion and the substantive motion to stay:

    a. Background on this lawsuit:

        i. On December 26, 2006, the FTC filed a complaint against Thomas Wells and a company he owned. (ECF No. 1).

        ii. Subsequently, Wells entered into a settlement with the FTC that resulted in a final injunction on April 30, 2009. As part of the final injunction, entered, April 30, 2009, Wells agreed that the FTC "is authorized, without further leave of Court, to obtain discovery from any person in the manner

DECLARATION OF THEO MONROE IN SUPPORT OF EMERGENCY MOTION - 2

provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26-37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating defendants' compliance with any provision of this Order". (April 30, 2009 Final Injunction).

b. The FTC's contempt proceedings:

   i. On February 27 and 28, 2018, the Federal Trade Commission contacted Wells informing him that it soon would seek documents and testimony from Wells regarding his relationship with Allied Wallet. On March 20, 2018, the FTC initially noticed the depositions of Wells and Priority Payout in May.

   ii. Subsequently, the FTC staff and counsel for Wells agreed to an interview in lieu of a deposition in an attempt to avoid the necessity of any depositions. As part of this process, Wells and PPC produced documents prior to the interview.

   iii. On June 13, 2018, the FTC interviewed Wells. Prior to the interview, I specifically asked the staff attorneys involved in the FTC's action if any parallel criminal investigation existed. FTC staff attorneys Karen Hobbs and Andrew Hudson represented they were aware of no such investigation. After the interview, Ms. Hobbs again stated to me that she was not aware of any investigation and that the FTC had no intention of making a referral to the US Attorney's office for criminal investigation.

   iv. Following the interview, the FTC staff informed me that based upon the disclosures and the interview, the FTC intended to seek an order of contempt against Wells and PPC pursuant to the final injunction in this action. The FTC alleged that Wells violated the Final Injunction by using

DECLARATION OF THEO MONROE IN SUPPORT OF EMERGENCY MOTION - 3

    his relationship with a payment processor, Allied Wallet, to assist merchants selling illegal products and merchants that market deceptively, to gain access into the payments system.

  v. Following the interview, at the request of the FTC, Wells and the Corp made a financial disclosure as part of a proposed resolution of the proposed contempt action.

 c. The Ongoing Criminal Investigation:

  i. I first learned of a criminal investigation regarding Wells and his alleged conduct in an online article. Although the report is dated August 3, 2018, I learned of it on August 28, 2018. Attached as Exhibit 2 is a true and correct copy of the August 3, 2018 article.

  ii. The article stated that a federal grand jury is investigating whether Allied Wallet helped merchants disguise illegal pharmaceutical transactions by using dummy corporations formed abroad and fake websites to disguise the underlying business. According to the article, investigators had asked Allied Wallet via a subpoena to hand over documents related to one of its customers, a UK-incorporated limited liability company called Beauty Skinn Ltd. According to the article, Visa had found months earlier that Beauty Skinn was hosting an illegal online pharmacy called kamagrauk.com. The article focused on Wells stating that Beauty Skinn was one of six dummy companies brought to Allied Wallet in November 2016 by Wells. (See Exhibit 2.)

  iii. During the FTC's earlier June 13, 2018 interview of Wells, the FTC staff had questioned Wells extensively about Beauty Skinn. When Wells and his company turned over documents to the FTC, documents relating to Beauty Skinn were included in the production.

DECLARATION OF THEO MONROE IN SUPPORT OF EMERGENCY MOTION - 4

iv. I contacted the US Attorney's office about the investigation on September 25, 2018. The US Attorney's office for Massachusetts confirmed that Wells and his company are subjects of an investigation relating to merchants that he referred to Allied Wallet. (See Exihibit 3: 9/26 email from Theodore F. Monroe to AUSA Kosto.)

v. When asked, the FTC staff denied coordinating with the US attorney's Office, stating that they had not spoken to the US Attorney's office prior to my September 25, 2018 call.

d. Attempts to Resolve issue with FTC

i. I spoke with the FTC staff on September 24, 2018 requesting that the FTC agree to delay the pending depositions. The FTC declined to do so.

ii. I again spoke with the FTC on September 25, and then, on September 26, 2018, via email requested that the FTC delay the deposition, offering to change the deposition to a more convenient location if it were delayed. I requested a short delay of several weeks so this motion would not need to be decided on an emergency basis, but instead pursuant to this court's normal briefing schedule. (<u>See</u> Email thread Theodore Monroe and Andrew Hudson, attached as Exhibit 4.)

iii. Later that day, the FTC responded by offering to delay the deposition just over one week in exchange for the change in the deposition location and a commitment to attend if this court does not delay the depositions pursuant to this motion. Again, the FTC declined to extend the depositions to allow this motion to be heard pursuant to this court's normal briefing schedule. (<u>See</u> Exhibit 4).

iv. On Friday, September 28, I agreed to move the deposition to Washington, D.C. and the new deposition dates. Again, I pointed out to the FTC that

DECLARATION OF THEO MONROE IN SUPPORT OF EMERGENCY MOTION - 5

this short extension did not allow for the substantive motion to be heard prior to the depositions and that an emergency motion would be necessary. See Exhibit 4).

6. The issues relating to the timing of filing this motion are as follows:

    i. I would have filed this motion sooner but Wells and PPC did not complete everything necessary that my law firm contractually required for the firm to make an appearance in this action until the afternoon of September 26, 2018. I had not expected that the client would be in a position to retain me until earlier that week.

    ii. Upon being retained I filed this motion within 3 business days.

7. **The nature of the meet and confer process to resolve the dispute; and when and how counsel for Defendant was notified and whether they have been served with the motion:** As detailed more extensively above, counsel for the parties conducted a meet and confer via telephone various times from September 23 through 28, 2018, to discuss the scheduling of the depositions and the accompanying motion for a protective order and to stay further proceedings in this action. During the telephonic discussions, the parties collectively met in good faith and made sincere efforts to resolve the discovery related matters absent judicial intervention. My office informed and is serving opposing counsel the instant Emergency Motion via email and this court's ECF system.

8. The contact information for counsel in this action:
    a. Theodore F. Monroe
       Law Offices of Theodore F. Monroe
       800 W. 6th Street, Ste 500
       Los Angeles, CA 90017
       Telephone: 213-233-2273
       *Attorney for Defendants*

    b. J. Malcolm DeVoy, Esq.
       Erica A. Bobak, Esq.
       DeVoy Law P.C.
       2575 Montessouri Street

DECLARATION OF THEO MONROE IN SUPPORT OF EMERGENCY MOTION - 6

Suite 201
Las Vegas, NV 89117
Telephone: 702-706-3051
*Attorneys for Defendants*

c.  Andrew Hudson, Esq.
Karen Hobbs, Esq.
Federal Trade Commission
Bureau of Consumer Protection | Division of Marketing Practices
600 Pennsylvania Avenue, NW | Mailstop CC-8528
Washington, D.C. 20580
Tel: (202) 326-2213 | Fax: (202) 326-3395
*Attorneys for Plaintiff,
Federal Trade Commission*

9.  I am informed and believe, and to the best of my knowledge, Wells is the sole shareholder, officer, and director of PPC.  Thus, any action taken by PPC and its representative (e.g., such as a Rule 30(b)(6) designee for any deposition), would be an action that would be undertaken by Wells, and could only be undertaken by Wells.

10.  I submit this declaration pursuant to Local Rule 26-7 and certify that the parties have been unable to resolve this matter after sincere efforts and personal consultation, thereby necessitating this Court's emergency intervention.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of October, 2018 in Los Angeles, California

_____
Theodore F. Monroe

DECLARATION OF THEO MONROE IN SUPPORT OF EMERGENCY MOTION - 7